*Ross & Kennedy, for appellant.*

*Stevenson, O'Hara & Bryan, for appellee.*

———————

W. F. CISSEL *v.* LAWRENCE J. RAPIER.

[Abstract Kentucky Law Reporter, Vol. 3—690, as Cissell v. Rapier.]

**Oral Evidence of Land Boundaries.**

Visible or actual boundaries of land, whether natural or artificial, are to be taken as the abuttals of a survey so long as they can be found or proven. It is only in case the description in a conveyance

is ambiguous or doubtful that parol evidence of practical construction given by the parties, by acts of occupancy, recognition of monuments or boundaries, or otherwise, is admissible in aid of the interpretation.

**Estoppel.**

When one has united with others in a conveyance he is bound by and estopped to deny the recitals of the deed, and the estoppel runs with the land.

APPEAL FROM NELSON CIRCUIT COURT.

March 21, 1882.

OPINION BY JUDGE LEWIS:

About the year 1853 Charles Rapier devised to his son, James, for life, and upon his death without children to go to his brothers and sisters, the following described tract of land in Nelson county: Beginning on the Beech Fork at William Rapier's corner at the mouth of a branch; thence with William Rapier's line up to the head of the branch to a large blue ash; thence a southwest course a straight line to a white oak; thence an east course to Hunter's line; thence with Hunter's line to the Beech Fork; thence down the Beech Fork to the beginning. James Rapier having died, his brothers and sisters, including appellee, L. J. Rapier, in 1873, conveyed the same tract of land to P. S. Barbour, who in 1876 conveyed it to appellant.

In 1880, subsequent to the conveyance by Barbour to appellant, a patent was issued by the commonwealth to appellee for fourteen acres of land, which is described as follows: Beginning at a beech tree standing on the bank of a slough which was formerly the channel of the Beech Fork, a corner to Alexander Hunter and James Rapier tracts of land and running thence down said slough with Rapier's line, N. 21 W. 46 poles to four sycamores on the bank of the Beech Fork at the mouth of the slough; thence up and with the Beech Fork at low water mark, S. 86¾ E. 38 poles; S. 42½ E. 27 poles; S. 11½ E. 19 poles; S. 37 W. 26½ poles; S. 57 W. 12 poles; N. 76 W. 9 poles to a large sycamore at the head of the slough in a line of the Hunter tract; thence with the same down the slough, N. ¾ W. 24 3-5 poles; N. 30¾ W. 14 poles to the beginning.

The land covered by the patent is an island formed by the Beech fork and the slough, described in the patent as the former channel of the Beech Fork, and this action was brought by appellee to recover of appellant for trespass in taking and carrying away therefrom timber and rails alleged to belong to the plaintiff. Upon the trial, verdict and judgment were rendered for the plaintiff in the action and the defendant has appealed.

The question in the case is whether the island is included in the boundary of the land devised to James by Charles Rapier and now owned by appellant. If the call in the will and deeds to run with Hunter's line to the Beech Fork be followed, appellant's line will extend to the river at the head of the slough; thence down the river to the beginning corner, and must necessarily include the island. But if the line be stopped at the beech on the slough, Hunter's corner, and run from there down the river, the island, or a portion of it, will be excluded.

The rule is well settled that visible or actual boundaries, whether artificial or natural, are to be taken, as the abuttals of a survey, so long as they can be found or proved. It is only in a case where the description is ambiguous or doubtful that parol evidence of the practical construction given by the parties, by acts of occupancy, recognition of monuments or boundaries, or otherwise, is admissible in aid of the interpretation. The description of appellant's boundary is neither general nor ambiguous, but the course and distances, as well as the objects called for, may be accurately and precisely ascertained and reached by following Hunter's line from the point of intersection, which is not disputed, to Beech Fork. Appellee, having united with others in the conveyance to Barbour, the vendor of appellant, is bound by and estopped to deny the recitals of the deed, and the estoppel runs with the land. The calls of that deed, being the same as those of the one from Barbour to the appellant, must, therefore, be followed to the point on the Beech Fork, where Hunter's line leaves it at the head of the slough; thence down the river to the beginning corner, including the island. Even if the slough be considered a part of the river, still low-water mark on the main chan-

nel of the river is to be taken as the place indicated by the recitals in the deed.

Counsel for appellee contends that Hunter's survey can not be made to close by meandering the main channel of the river. There does not appear to be any controversy about where Hunter's line is, it being conceded that in point of fact it meanders the river to the head of the slough; thence with the slough to the beech corner. Besides, though there may be some inaccuracy in the description, the beech corner being known and recognized, the line must necessarily continue with the river to the point nearest or opposite thereto, and be thence run to the beech. But it does not make any difference from what point on the main channel of the river Hunter's line is extended to his beech corner; for wherever it may be, appellants' line, according to the recitals of his deed, runs with it.

It follows from what has been said that it is immaterial how Barbour may have understood the boundary to be, or whether, at the time he purchased, a survey and plat of the land, excluding the island, was made and shown to and adopted by him or not, for having a right to look to the recitals of the deed, appellant is not concluded by Barbour's acts. Nor is it material or competent to show what may have been the purpose and intention of appellee and those who united with him in the deed to Barbour, as to where the line should run.

The instructions given to appellant, as well as to appellee, being the converse of each other, are both improper. There is no controversy as to the objects called for; the boundary of a patent or deed is exclusively matter of law to be propounded by the court. *Cockrell v. McQuinn,* 4 T. B. Mon. (Ky.) 61. The recitals being unambiguous and the objects called for being certain, it is a question of law whether the island is embraced or excluded by the calls of the deeds, and the court should have construed the deeds and instructed the jury accordingly.

Wherefore the judgment of the court below is *reversed* and cause remanded with instructions to grant to appellant a new trial, and for further proceedings consistent with this opinion.

*N. W. Halstead, E. E. McKay, for appellant.*

*Wm. Johnson, for appellee.*